GREGORY W. STEVENS (USB # 7315)
2825 East Cottonwood Parkway
Cottonwood Corporate Center
Suite 500
Cottonwood Corporate Center
Salt Lake City, UT 84121-7060
Telephone: (801) 990-3388
Facsimile: (801) 606-7378
Email: utlaw@aol.com
*Attorney for Plaintiff*
*Alexandria Prentice*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALEXANDRIA PRENTICE,<br><br>*Plaintiff*,<br>v.<br><br>ABM INDUSTRIES INC.,<br><br>*Defendant*. | **COMPLAINT**<br>(JURY DEMANDED)<br><br>Case No. 2:17-cv-01006-JNP<br>Judge Jill N. Parrish |

As and for this Complaint against Defendant ABM Industries Inc. ("ABM" or the "Defendant"), Plaintiff Alexandria Prentice ("Ms. Prentice" or the "Plaintiff"), by and through her undersigned counsel, alleges as follows:

**NATURE OF THE CASE**

1. This civil action states claims for damages to Ms. Prentice caused by (a) the unlawful termination of her employment based on gender, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"); (b) the unlawful termination of her employment based on her pregnancy, in violation of Title VII as amended by the Civil Rights Act of 1991 and the

Pregnancy Discrimination Act, 42 U.S.C. §2000e(k); and (c) the unlawful termination of her employment by the Defendant retaliation for her having voiced opposition to practices that she reasonably believed are made unlawful by Title VII, as amended.

## JURISDICTION AND VENUE

2.  This Court has original jurisdiction over this civil action based on the following provisions: (a) 28 U.S.C. § 1331, because this action arises under the laws of the United States; (b) 28 U.S.C. § 1343, because this action arises under laws of the United States providing for equal rights; (c) Title VII, 42 U.S.C. § 2000e-5(f), as amended, because this action arises under Title VII; (c) the ADA, which incorporates the procedures set forth in Title VII, 42 U.S.C. 2000e-5(f), as amended.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Defendant's place of business at which the cause of action arose is within the jurisdiction of this Court, a substantial part of the event or omissions giving rise to the claim set forth in this Complaint arose within the jurisdiction of this Court, and Defendant is subject to personal jurisdiction at the time of the commencement of this action and there is no other district in which the action may otherwise be brought.

## PARTIES

4.  Plaintiff Alexandria Prentice is, and at all times relevant to the allegations set forth in this Complaint has been, is a female; a citizen of the United States and resident of Salt Lake County, Utah; and an employee of ABM prior to her unlawful termination on or about January 19, 2017.

5. Defendant ABM, upon information and belief, is, and during all times relevant to the incidents that form the basis of Ms. Prentice's claims set forth in this Complaint was, (a) a corporation in the business of providing building maintenance and facility services, primarily for commercial, industrial, government and retail clients across the United States and international locations; (b) Ms. Prentice's "employer" subject to the provisions of Title VII, as amended; and (b) an employer with greater than 100,000 employees and greater than 300 offices located throughout the United States, including in the State of Utah, and about 20 international locations

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Based on the events described in and giving rise to this Complaint, Ms. Prentice filed a timely charge with the Utah Anti-Discrimination and Labor Division ("UALD") and Equal Employment Opportunity Commission ("EEOC"), stating claims of unlawful sex discrimination, discrimination based on her pregnancy, and unlawful retaliation.

7. On or after July 24, 2017, following her request for a Notice of Right to Sue, Ms. Prentice received a proper Notice from the EEOC, signifying the exhaustion of her administrative remedies under Title VII as to her claims of discrimination and retaliation

8. A copy of the Notice of Right to Sue is being filed with this Complaint as Exhibit A, reflecting the satisfaction of the jurisdictional prerequisite to Ms. Prentice's claims under Title VII.

## EVENTS REQUIRING RELIEF

9. The wrongful discriminatory and retaliatory employment practices described below, upon information and belief, were made and committed by agents and/or supervisory personnel of the Defendant with decision-making authority and the authority to alter Ms. Prentice's employment

status, terms and conditions, with the full knowledge and authority of and/or ratification and acceptance by the Defendant.

10. The Defendant, directly and indirectly through its supervisory agents, engaged in the wrongful retaliatory employment practices described below with malice, evil intent, and reckless indifference to the rights of Ms. Prentice.

*Background*

11. Forrest Mason, during all times relevant to this Complaint, was employed by ABM in the State of Utah as its Chief Engineer; in that position, was Ms. Prentice's direct supervisor; and, as such, had supervisory authority over Ms. Prentice, decision-making authority over her employment, and the authority to alter Ms. Prentice's employment status, terms, and conditions.

12. Ms. Prentice was employed ABM as a Mechanical Engineer beginning when she started her employment with ABM on or about December 1, 2015 and continuing until she was terminated from her employment by ABM on or about January 19, 2017.

13. While she was employed by ABM, including the period during which she was pregnant, Ms. Prentice performed the duties of her position well.

*Statements by Ms. Mason Reflecting*
*Discriminatory and Retaliatory Intent*

14. From first day of Ms. Prentice's employment with ABM, Mr. Mason made statements and engaged in conduct that reflected a decidedly negative attitude about women in general, about women who were pregnant, and about their ability to work when pregnant.

15. By way of example, Mr. Mason said to employees that he was the only Chief Engineer that to have hired female engineers and that he regretted doing so.

16. Also by way of example, ABM, through Mr. Mason, belittled the knowledge and skills that Ms. Prentice possessed, saying that she must have acquired her knowledge and skills from men, while simply praising the knowledge and skills of her male coworkers who occupied comparable postitions.

17. Also by way of example, when Ms. Prentice notified Mr. Mason during July 2016 that she was pregnant and then provided him with a note from a physician during August 2016 stating the limitations on her physical abilities to work, he pressured her to not continue working and, instead, to take unpaid leave.

18. Also by way of example, Mr. Mason sought to involve Ms. Prentice's husband, a coworker who was also employed by ABM, in private and confidential medical and work-related issues related to her pregnancy.

19. Those efforts by Mr. Mason to involve Ms. Prentice's husband in issues pertaining to her employment included, for example, asking about Ms. Prentice's medical status, telling him that she was not allowed to park in ADA parking spots, and telling him to talk to her about minding her own business when she made complaints about inappropriate behavior by other employees.

20. Also by way of example, Mr. Mason and the Assistant Chief Engineer, Richard Brock, told Ms. Prentice, concerning her pregnancy, that "they know how this happens".

21. Also by way of example, Mr. Mason discouraged Ms. Prentice from making complaints concerning inappropriate behavior in which Mr. Brock had engaged, including, for example, Mr. Brock's having told women that he would do them any favor if they would take off their clothing.

***Discriminatory Treatment of Ms. Prentice***
***Based on Her Gender and Pregnancy***

22. ABM, by and through Mr. Mason, treated Ms. Prentice disparately in the terms and conditions of her employment, based on her gender, when compared to her male coworkers who occupied comparable positions as Engineers employed by ABM.

23. By way of example, ABM, through Mr. Mason, provided opportunities that enabled male coworkers who occupied comparable positions to satisfy the testing requirements of their positions, while not offering the same opportunities to Ms. Prentice, without legitimate justification.

24. Also by way of example, ABM, through Mr. Mason, provided training opportunities to male employees who occupied comparable positions that were not afforded to Ms. Prentice, without legitimate justification.

25. Also by way of example, ABM, through Mr. Mason, also provided work schedules sought after or requested by Ms. Prentice's coworkers who occupied comparable positions, while declining to provide work schedules sought after or requested by Ms. Prentice, even though Ms. Prentice was more qualified and without legitimate justification.

26. Also by way of example, ABM, through Mr. Mason, also treated her male coworkers who occupied comparable positions more favorably when imposing, or not imposing, disciplinary actions for the same alleged conduct in which Ms. Prentice had engaged, without legitimate justification.

27. ABM, by and through Mr. Mason, also treated Ms. Prentice disparately in the terms and conditions of her employment, based on her pregnancy, when compared to male coworkers occupied

comparable positions as Engineers employed by ABM and who suffered from disabilities or other medical conditions that affected their ability to work.

28. By way of example, ABM, through Mr. Mason, declined to offer her a schedule that would have accommodated the limitations placed on her ability to work caused by her pregnancy, while, by contrast, affording modified schedules to male employees who suffered from disabilities or other medical conditions that affected their ability to work.

### *Ms. Prentice's Complaints About Conduct that*
### *She Reasonably Believed Is Made Unlawful by Title VII, as Amended*

29. Throughout the course of her employment with ABM, Ms. Prentice complained repeatedly to Mr. Mason and to ABM's Human Resources Department concerning the unwelcome comments and discriminatory treatment noted above.

30. In response to Ms. Prentice's complaints, neither Mr. Mason nor ABM"s human resource personnel conduct an investigation designed to determine the truth but, instead, took no action to remedy the behavior to which Ms. Prentice had been subjected.

### *ABM's Termination of Ms. Prentice*

31. ABM terminated Ms. Prentice from her employment as a Mechanical Engineer on or about January 19, 2017.

32. ABM's decision to terminate Ms. Prentice was motivated by her gender, her pregnancy and the fact that she had complained about conduct that she reasonably believed is made unlawful by Title VII, as amended.

33. ABM terminated Ms. Prentice's employment, based on the proffered reason that she had failed to meet the contractual requirements of ABM's client, when, in fact, that proffered reason was merely a pretextual fabrication for ABM's actual motivations identified above.

### *Ms. Prentice's Injuries and Losses*

34. As a direct and proximate result of the wrongful termination described in the foregoing paragraphs of this Complaint, Ms. Prentice has suffered and will continue to suffer lost compensation and employment benefits.

35. Ms. Prentice, without limiting her calculation of the economic damages that she suffered as they may be more fully addressed by an expert witness, states that suffered a loss in compensation and employment benefits of at least $120,000

36. As a further direct and proximate result of the wrongful termination described in the foregoing paragraphs of this Complaint, Ms. Prentice has also suffered nonpecuniary injury, including but not limited to emotional pain, suffering, and inconvenience that manifested themselves physically.

### **CLAIMS FOR RELIEF**

### **COUNT I**
**Title VII**
**42 U.S.C. § 2000e *et seq.*, as amended**
**(Discriminatory Termination Based on Gender)**

37. The allegations contained in the preceding paragraphs of this Complaint are restated as part of this Count as if fully alleged herein.

38. ABM, as evidenced by its failure to take any action to remedy the complaints raised by Ms. Prentice and by the termination of her employment, failed to exercise reasonable care to prevent

and promptly correct any discriminatory behavior, failed to make a good faith effort to comply with anti-discrimination laws, and directed, ratified and approved of Ms. Prentice's discriminatory termination.

39. As described in the foregoing paragraphs of this Complaint, the ABM engaged in discriminatory conduct by terminating her from his employment with the Defendant.

40. By virtue of the activities described in the foregoing paragraphs of this Complaint, ABM intentionally discriminated against Ms. Prentice because of her gender and, by reason of such discriminatory conduct, violated Title VII.

41. As a direct and proximate consequence of these violations by the ABM, Ms. Prentice has been damaged and will continue to be damaged, and Defendant is liable, for her lost salary and employment benefits, in an amount not yet fully ascertained but at least equal to approximately $120,000, plus prejudgment interest thereon.

42. As a direct and proximate consequence of the foregoing violations by ABM, Ms. Prentice has also compensatory damages not including lost pay, including but not limited to emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, in an amount not yet fully ascertained but at least equal to approximately $120,000, plus prejudgment interest thereon.

43. ABM, through its supervisory and managerial agents, engaged in such discriminatory conduct with knowledge that the wrongful conduct would violate federal law and with malice, evil intent, and callous or reckless indifference to the rights of Ms. Prentice; and, as a result, ABM is

liable to Ms. Prentice for punitive damages, in an amount not yet fully ascertained, but at least equal to $180,000, plus prejudgment interest.

**COUNT II**
**Title VII of the Civil Rights Act of 1964,**
**42 U.S.C. §§2000e *et seq.*, as amended**
**by the Civil Rights Act of 1991**
**and the Pregnancy Discrimination Act,**
**42 U.S.C. § 2000e(k)**

44. The allegations contained in the preceding paragraphs of this Complaint are restated as part of this Count as if fully alleged herein.

45. By virtue of the activities described in the foregoing paragraphs of this Complaint stated in this Count, ABM intentionally terminated Ms. Prentice because of her pregnancy and, by reason of such discriminatory conduct, violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., as amended by the Civil Rights Act of 1991 and the Pregnancy Discrimination Act, 42 U.S.C. §2000e(k).

46. As a direct and proximate consequence of these violations by ABM, Ms. Prentice has been damaged and will continue to be damaged, and ABM is liable, for her lost compensation and employment benefits, in an amount not yet fully ascertained but at least currently equal to approximately $120,000, plus prejudgment interest thereon.

47. Also as a direct and proximate consequence of the foregoing violations by ABM, Ms. Prentice has been damaged and will continue to be damaged, and ABM is liable, for compensatory damages not including lost pay as defined by the ADA and Title VII, including her emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, in an

amount not yet fully ascertained but at least to approximately $120,000 for compensatory and punitive damages, plus prejudgment interest thereon.

48. ABM engaged in such discriminatory conduct with knowledge that the wrongful conduct would violate federal law and with malice, evil intent, and callous or reckless indifference to the rights of Ms. Prentice; and, as a result, ABM is liable to Ms. Prentice for punitive damages, in an amount not yet fully ascertained, but at least equal to approximately $180,000.

### COUNT III
### Title VII
### Title VII, 42 U.S.C. § 2000e *et seq.*, as amended
### (Retaliatory Termination)

49. The allegations contained in the preceding paragraphs of this Complaint are restated as part of this Count as if fully alleged herein.

50. ABM, as evidenced by their failure to take any action to remedy the complaints raised by Ms. Prentice and the termination of Ms. Prentice's employment, failed to exercise reasonable care to prevent and promptly correct any discriminatory behavior, failed to make a good faith effort to comply with anti-discrimination laws, and directed, ratified and approved of Ms. Prentice's retaliatory termination.

51. By virtue of the activities described in the foregoing paragraphs of this Complaint, ABM intentionally retaliated against Ms. Prentice by terminating her employment with ABM because he opposed what she reasonably and objectively believed to be a violation of Title VII; and, by reason of such retaliatory conduct, ABM violated Title VII, amended.

52. As a direct and proximate consequence of these violations by ABM, Ms. Prentice has been damaged and will continue to be damaged, and Defendant is liable, for her lost salary and

employment benefits, in an amount not yet fully ascertained but at least equal to approximately $120,000, plus prejudgment interest thereon.

53. As a direct and proximate consequence of the foregoing violations by ABM, Ms. Prentice has also compensatory damages not including lost pay, including but not limited to emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, in an amount not yet fully ascertained but at least equal to approximately $120,000, plus prejudgment interest thereon.

54. ABM, through its supervisory and managerial agents, engaged in such discriminatory conduct with knowledge that the wrongful conduct would violate federal law and with malice, evil intent, and callous or reckless indifference to the rights of Ms. Prentice; and, as a result, ABM is liable to Ms. Prentice for punitive damages, in an amount not yet fully ascertained, but at least equal to $180,000, plus prejudgment interest.

**REQUEST FOR RELIEF**

55. WHEREFORE, Ms. Prentice respectfully demands judgment awarding her the following:

(a) on Count I, judgment that ABM violated Title VII by engaging in unlawful discriminatory conduct in the form of an unlawful termination of Ms. Prentice based on her gender; and, accordingly, that Ms. Prentice is entitled to damages from ABM as fully set forth in that Count;

(b) on Count II, judgment that ABM violated Title VII by engaging in unlawful discriminatory conduct in the form of an unlawful termination of Ms. Prentice based on her pregnancy; and, accordingly, that Ms. Prentice is entitled to damages from ABM as fully set forth in that Count;

(c) on Count III, judgment that ABM violated Title VII by engaging in unlawful retaliatory conduct in the form of an unlawful retaliatory termination; and, accordingly, that Ms. Prentice is entitled to damages from ABM as fully set forth in that Count;

(d) on Counts I through III, judgment awarding Ms. Prentice her attorney's fees, at prevailing market rates;

(e) prejudgment interest accrued between the date of the jury's verdict and final judgment, and post-judgment interest accrued between the date of final judgment and the full and complete satisfaction of the judgment; and

(f) such other and further relief as the Court may deem appropriate to effectuate the purposes of Title VII.

## JURY TRIAL DEMAND

56. Ms. Prentice demands a trial by jury on each of the claims set forth above in this Complaint.

Respectfully submitted this 6th day of September 2017:

>*/s/ Gregory W. Stevens*
>Gregory W. Stevens
>*Attorney for Plaintiff*
>*Alexandria Prentice*